# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6490 | **DATE** | 7/29/2010 |
| **CASE TITLE** | Jason Palomino vs. Michael O'Leary, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, plaintiff Jason Palomino's "Objections to Magistrate Recommendation" [87] are overruled, Magistrate Judge Maria Valdez's "Report and Recommendation" [85] is adopted in its entirety, and Palomino's "Motion to Extend the Scheduling Order and for Sanctions" [74] is denied.  Additionally, this court hereby clarifies that Palomino's unopposed request for an extension of fact discovery to depose Dr. Dean Rieger is granted.  Defendants Barbara Miller, Kul Bir Sood, M.D., and Correct Care Solutions, LLC, are again reminded of their continuing obligation to supplement their earlier discovery responses with all relevant documents and information in their possession and in the possession of Dr. Rieger.  Because the dates scheduled for dispositive motions have passed, counsel for all parties are requested to meet pursuant to Rule 26(f) and jointly file an amended Form 52 on or before 8/12/10.  Status hearing set for 8/19/10 at 9:00 a.m. for purposes of scheduling further dates.  All future dates set forth in the court's scheduling order of December 22, 2009 [59] remain in effect at this time.  Parties are encouraged to discuss settlement.

■[ For further details see text below.]   Notices mailed.

# STATEMENT

On June 30, 2010, Magistrate Judge Maria Valdez issued a "Report and Recommendation" (Dkt. No. 85) recommending that this court deny plaintiff Jason Palomino's ("Palomino") "Motion to Extend the Scheduling Order and for Sanctions" (Dkt. No. 74 ("Pl.'s Mot.")).  Palomino has filed objections to Magistrate Judge Valdez's "Report and Recommendation" pursuant to Federal Rule of Civil Procedure 72(b)(2) (Dkt. No. 87 ("Pl.'s Objs.")), to which defendants Barbara Miller, Kul Bir Sood, M.D. ("Dr. Sood"), and Correct Care Solutions, LLC ("CCS") (together the "Medical Defendants") have filed a response (Dkt. No. 88).  This court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and has discretion to otherwise "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

Palomino relies on the February 23, 2010 disclosure of CCS's Corporate Medical Director Dr. Dean Rieger ("Dr. Rieger") as grounds for seeking modification of the March 31, 2010 deadline for the close of fact discovery in this case alleging that the Medical Defendants exhibited deliberate indifference to Palomino's serious medical needs.  Specifically, during Dr. Sood's deposition on February 23, 2010, counsel for the Medical Defendants first produced an October 5, 2007 letter from Dr. Sood stating "Our policy requires the Correct Care Solutions Corporate Medical Director or Dr. Dean Rieger, pre approve any

recommendation made for non emergency medical care.  Following Dr. Murphy's initial exam Dr. Rieger denied this elective procedure." (Pl.'s Mot. ¶ 5; Pl.'s Ex. G.)  Counsel for the Medical Defendants also produced computer records from CCS related to Palomino's medical care, which appear to reflect comments made by Dr. Rieger asking, "Is there any reason this [request for surgery] cannot wait until release?" (*Id.* ¶¶ 5, 7; Pl.'s Ex. H.)  Counsel for Palomino had not been aware of Dr. Rieger's existence prior to the disclosure of these documents on February 23, 2010.  (*Id.* ¶ 6.)

Fact discovery in this case closed on March 31, 2010.  Palomino requests an extension of this deadline for purposes of (1) taking the discovery deposition of Dr. Rieger, (2) filing additional interrogatories and document requests pertaining to Dr. Rieger, (3) filing additional document requests pertaining to Dr. Sood's file, and (4) filing additional interrogatories and document requests pertaining to the CCS policies mentioned in Dr. Sood's October 5, 2007 letter.  (*Id.* ¶ 35.)  The Medical Defendants do not object to an extension of the fact discovery deadline for purposes of permitting Palomino to depose Dr. Rieger, and Magistrate Judge Valdez has recommended that this request be granted.  (Dkt. No. 85 at 4.)  However, Magistrate Judge Valdez has recommend that this court deny Palomino's request to extend fact discovery for the purpose of issuing additional interrogatories and document requests, because "the written discovery sought by Plaintiff either has been requested or could have been requested." (*Id.*)  Magistrate Judge Valdez also stresses the Medical Defendants' continuing obligation to supplement their earlier discovery responses with all relevant documents and information in the possession of the Medical Defendants or Dr. Rieger.  (*Id.* at 3-4.)

Palomino objects to Magistrate Judge Valdez's recommendation that he not be permitted an extension for purposes of issuing discovery "related to any of CCS's policies related to medical treatment of prisoners." (Dkt. No. 85 at 3.)  Palomino argues that, based on the information previously produced by the Medical Defendants, Palomino "was entirely unaware that unknown corporate physicians in Tennessee employed by CCS had any authority to affirm, approve, or deny medical treatment to inmates at Will County Jail," and he therefore had no reason to question the Medical Defendants about the potential existence of such policies or procedures.  (Pl.'s Objs. ¶ 5.)  Palomino argues that the evidence already produced in discovery instead suggested "that the Medical Director at the jail had the authority to approve medical treatment alone." (*Id.* (citing Pl.'s Ex. C ("Policy #2550")).)  This court finds Policy #2550 to be unpersuasive on this point.  Policy #2550 refers to the Medical Director's responsibility to "[a]uthorize all transfers to a local hospital" and to "[d]ocument the medical justification for transfer to an outside hospital in the inmate's medical record." (Ex. C, Procedure B.1., B.3.)  These duties do not imply that the Medical Director had the sole responsibility or authority to authorize the medical treatments themselves, and there is no reason that Palomino could not have sought clarification on this point through timely requests for written discovery issued prior to the close of fact discovery.  Accordingly, Palomino's request for an extension of the fact discovery deadline for purposes of pursuing this line of questioning is denied.

Palomino also objects to Magistrate Judge Valdez's recommendation that this court deny his request for an extension of the deadline for expert discovery, which was set for January 31, 2010.  In support of his motion for an extension of this deadline, Palomino acknowledges that he "does not need an expert to provide any expert opinion that Defendants acted with deliberate indifference or a conscious disregard for Plaintiff's well-being." (Dkt. No. 80 ("Pl.'s Reply") at 11.)  However, Palomino asserts that "additional expert discovery may be required" in light of the new information regarding Dr. Rieger, which has made "the medical aspect of this case . . . much more complex." (*Id.* at 12.)  In his objections, Palomino further explains that he would like the opportunity to investigate with potential experts whether CCS's policy for authorizing medical treatment via a physician who "likely has never examined the Plaintiff or reviewed any of his medical records" is "proper in the medical profession." (Pl.'s Objs. ¶ 7.)  This court is not persuaded

| STATEMENT |
|---|

that the late disclosure of Dr. Rieger's involvement in Palomino's medical care warrants an extension of the deadline for expert discovery, because the new information does not substantially alter the nature of the medical care actually provided to, or withheld from, Palomino. In other words, the question of whether Palomino's care was "proper in the medical profession" was equally relevant both before and after the February 23, 2010 disclosures. It is unclear to this court how the decision-making procedures behind the care afforded to Palomino are relevant to any of the factual issues in this case, such that expert testimony is now needed. Palomino's request for an extension of the deadline for expert discovery is therefore denied.

Palomino further objects to Magistrate Judge Valdez's recommendation that this court deny his request for sanctions. Palomino argues that sanctions against the Medical Defendants are warranted in light of their "fail[ure] to produce the relevant documents and fail[ure] to fully answer interrogatories or answer interrogatories accurately" in accordance with Federal Rule of Civil Procedure 26(g). (Pl.'s Mot. ¶¶ 45-46.) As expressed by Magistrate Judge Valdez, this court too is "concerned with the paucity of explanation from the medical defendants about their late production." (Dkt. No. 85 at 5.) However, this court also agrees that sanctions should not be imposed, because Palomino has not demonstrated prejudice. In his objections to Magistrate Judge Valdez's recommendation, Palomino cites *Wade v. Soo Line R.R. Corp.*, 500 F.3d 559 (7th Cir. 2007), as a comparable example of discovery abuses warranting sanctions. However, in *Wade*, the plaintiff's efforts to withhold and conceal damaging documents during the discovery process caused a delay in the resolution of the lawsuit and caused the defendant to incur "unnecessary fees" in the form of additional subpoenas and a motion to compel. *Id.* at 561-63. In this case, Palomino has not explained how the Medical Defendants' late disclosures have led to any additional costs or delay. It is true that the scheduling order entered on December 22, 2009, (Dkt. No. 59), will likely need to be adjusted; however, the resultant delay in bringing the case to a final resolution, if any, is best attributed to Palomino's pending motion rather than the late disclosures themselves. Palomino's argument that the Medical Defendants have "created a potential statute of limitations affirmative defense for Dr. Rieger" (Pl.'s Reply at 17) is speculative at this point in the litigation, as Palomino has not yet sought to add Dr. Rieger as a defendant. Accordingly, Palomino's motion for sanctions is denied.

Finally, Palomino seeks clarification of Magistrate Judge Valdez's recommendation that his request for an extension of the deadline for adding additional parties be denied at this time, on the grounds that, "[i]f Plaintiff discovers a proper cause of action against Dr. Rieger, he may file a motion to amend pursuant to the requirements of Rule 15." (Dkt. No. 85 at 4.) The deadline to amend all pleadings and to add any additional parties in this case came and went on September 15, 2009. (*See* Dkt. No. 43.) Pursuant to the Federal Rules of Civil Procedure, however, Palomino may nevertheless amend his complaint for "good cause," with leave of the court, if "justice so requires." Fed. R. Civ. P. 16(b)(4), 15(a)(2). At this point in the litigation, Palomino's request to extend the deadline for adding additional parties is denied as premature. Should Palomino seek to add Dr. Rieger as a defendant at any point in the future, he may seek leave of the court to do so pursuant to the rules of procedure already in place.

For the reasons stated above, Palomino's objections are overruled, Magistrate Judge Valdez's recommendations are adopted, and Palomino's motion is denied. Of note, Palomino's unopposed request for an extension of fact discovery to depose Dr. Rieger is granted. The Medical Defendants are again reminded of their continuing obligation to supplement their earlier discovery responses with all relevant documents and information in their possession and in the possession of Dr. Rieger.